CITY TRUST COMPANY, Respondent, *v.* LOUIS NELSON, Appellant.

First Department, November 27, 1931.

*Hyman J. Reit* of counsel [*Reit & Kaminsky*, attorneys], for the appellant.

*Gerson C. Young* of counsel [*Abraham M. Lowenthal* with him on the brief; *Kugel & Telsey*, attorneys], for the respondent.

SHERMAN, J. Plaintiff sues defendant upon twelve notes, of which two were drawn to his order and indorsed by him, and the remaining ten were made to the order of the Federal Securities Corporation and indorsed by it.

Concededly these notes together with a check in the sum of $1,625 were the consideration for the purchase by defendant of fifty shares of the plaintiff's capital stock. Plaintiff contends that this sale was made by the Federal Securities Corporation and that it became the holder in due course of the notes, from that corporation, for value before maturity.

The answer denies that plaintiff had so obtained the notes and alleges that defendant had purchased these shares of stock from plaintiff itself, which was the actual seller, that upon plaintiff's request, both check and notes were delivered to the Federal Securities Corporation, to be held by it until the shares of stock were delivered to defendant, and that plaintiff has not delivered the shares to defendant. It further sets forth that plaintiff falsely represented to defendant that it was in sound financial condition, had a large surplus and its book value was in excess of $325 per share, and that defendant made the purchase and executed the notes and check in reliance upon these fraudulent misstatements.

These allegations were pleaded both as a defense to the notes and as the basis of a counterclaim for the recovery of $1,625, the amount of the check which had been collected by plaintiff.

Upon the trial, nearly all of the evidence offered by defendant was excluded. He was permitted to establish that these notes and the check were drawn at the office of the plaintiff bank (where defendant was a depositor), that they were written out by one Cohn, an employee of plaintiff who then occupied a desk next to Ferrari, plaintiff's president, and that before their execution and delivery there was a conversation between defendant, Ferrari and Cohn. The learned trial court, however, refused to permit defendant to narrate that conversation which was offered to show that the purchase, while in form apparently from the Federal Securities Corporation, was really a transaction with plaintiff as the actual vendor of the shares, and that it took its indirect form at the instance of Ferrari, plaintiff's president, and that the Federal Securities Corporation was merely the custodian of the notes and check under the arrangement pleaded in the answer. He was also denied the opportunity to give evidence of the alleged fraudulent misrepresentations. Inasmuch as his lips were sealed as to what Ferrari and Cohn had said to him, he gave no evidence in support of the defenses and counterclaim embodied in his answer.

We are not now concerned with whether or not this excluded testimony would have been ineffective or even false, as is contended by respondent, because of writings in evidence· which on their face tend to indicate that defendant was dealing with the Federal Securities Corporation as the vendor. The relations between plaintiff and the Federal Securities Corporation were apparently close and intimate. Cohn and Ferrari were also directors of that corporation. It is possible that plaintiff was the actual vendor of the stock and that, through its president, it made the transaction appear as though the securities corporation were the seller and not only induced the purchase by misrepresentations but also agreed that the notes, now sued on, were to be held in escrow until the shares were actually delivered to defendant.

For these errors the judgment entered upon the verdict directed in favor of plaintiff should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., and MARTIN, J., concur; MERRELL and McAVOY, JJ., dissent.

McAVOY, J. (dissenting). The evidence excluded would have supported the defendant's contention that the notes sued on were not to be delivered to the payee until certain stock was delivered

to the maker. This would have established a condition subsequent upon which the notes would become effective although their tenor was for immediate payment. Thus their plain intendment would be defeated by parole. This may not be done. I find the evidence was properly ruled out at trial.

The judgment should be affirmed.

MERRELL, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.